## In re Ilerdon MAYER, Esq.

[617 A.2d 153]

No. 92-415

September 22, 1992. Pursuant to the notice of the Professional Conduct Board filed August 28, 1992, and approval thereof, it is hereby ordered that Ilerdon Mayer, Esq., be suspended for two months for the reasons set forth in the stipulation between bar counsel and respondent attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

The period of suspension shall begin on September 25, 1992, and end on November 25, 1992.

### Stipulation

Now come Ilerdon Mayer, respondent, appearing pro se, and bar counsel, Wendy S. Collins, and stipulate to the following findings of fact, conclusions of law, recommended sanction and waiver of procedural rights.

### Facts

1. Respondent was admitted to the Vermont Bar in May of 1986.

2. In May of 1988, Ilerdon Mayer was an associate in a law firm in which Frank Berk was one of the principals.

3. In May of 1988, Berk asked Mayer to drive with him to New Jersey for the upcoming Memorial Day weekend. Berk told Mayer that he might be able to purchase some cocaine and asked Mayer if he wanted to buy some. Mayer said he would be interested.

4. Berk called Michael Cohen and asked him if he could purchase some cocaine. Michael Cohen, in turn, contacted his source, Floyd Perry, who had recently been arrested for drug trafficking. Perry agreed to sell the cocaine to Berk if Berk would speak with Perry about the criminal charges then pending against him.

5. On or about May 25, 1988, Cohen called Berk and told him that he could get the drugs, and asked Berk to speak to his friend about the pending criminal charges. Berk agreed to do so.

6. Berk told Mayer that the deal had been arranged. Each agreed together to contribute $250 to the purchase price.

7. The next day they drove to New Jersey where they met with Michael Cohen and Floyd Perry. The group then traveled in two vehicles to a diner in Fort Lee, New Jersey.

8. Ilerdon Mayer, Frank Berk, and Floyd Perry traveled to the diner in Frank Berk's car. During the course of this trip, Berk and Perry discussed in general terms the pending criminal charges against Perry. Berk told Perry that he could not represent him in court because he was not licensed in New Jersey, but he discussed the case in general terms with him. Ilerdon Mayer did not participate in this conversation.

9. Upon arrival at the diner, Frank Berk gave Michael Cohen $500, $250 of which was Ilerdon Mayer's money. Frank Berk and Ilerdon Mayer waited in the diner while Michael Cohen and Floyd Perry drove to New York City. There they purchased 26 grams of a substance which was 47% pure cocaine, a portion of which was to go to Ilerdon Mayer.

10. Cohen and Perry returned to the diner within approximately 30 minutes, where they rendezvoused with Frank Berk and Ilerdon Mayer. The group was on its way to Perry's apartment to divide the cocaine when they were arrested by Ft. Lee, New Jersey police officers.

11. Frank Berk and Ilerdon Mayer were both charged with attempting to receive cocaine. They successfully completed a pretrial diversion program, and the criminal charges were ultimately dismissed.

12. This incident received widespread publicity in Vermont. Ilerdon Mayer has not used illegally obtained controlled substances since his arrest. He cooperated fully with the Professional Conduct Board's investigation of this matter and sincerely regrets the disrepute his conduct brought upon the Vermont Bar.

### Conclusions of Law

Respondent's conduct violated DR 1-102(A)(2) (criminal conduct involving moral turpitude) and DR 1-102(A)(7) (conduct adversely reflecting on respondent's fitness to practice law). See *In re Berk*, 157 Vt. 524, 602 A.2d 946 (1991).

### Recommended Sanction

There are present here several mitigating factors which were not present in the companion case of *In re Berk*. Bar counsel and respondent agree that these should be taken into consideration and accorded significant weight. The mitigating factors present here are:

1. full and free disclosure to the Board and a cooperative attitude with these disciplinary proceedings;

2. inexperience in the practice of law at the time the violation occurred;

3. good reputation in the community; and

4. sincere expression of remorse.

In light of the fact that Frank Berk was suspended for six months and in light of the fact that Ilerdon Mayer's participation in this illegal drug conspiracy was significantly less than that of Frank Berk, bar counsel and respondent believe that a suspension of less than six months should be imposed.

Both parties recognize that this is a decision left ultimately to the Supreme Court; regardless of what sanction is imposed, the parties to this document are still bound by its terms.

*Notice of Decision*

The Professional Conduct Board accepts and adopts the findings of fact and conclusions of law stipulated to by the respondent and bar counsel and the stipulation signed by the respondent on August 13, 1992 and by bar counsel on June 30, 1992.

The Board believes that respondent here deserves a sanction less than the one imposed in the companion case of *In re Berk.*

In light of the mitigating circumstances of full and free disclosure to the Board and cooperative attitude toward the proceedings, respondent's inexperience in the practice of law at the time the violation occurred, respondent's good reputation in the community, and respondent's sincere expression of remorse, the Board recommends to the Supreme Court that the following sanction be imposed:

*Suspension from the practice of law for two months beginning September 25, 1992.*